IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THOMAS W. WEBSTER, IV,　　　　　:

　　　　　　　　　　　　　　　　:　　C.A. No. K16X-06-002 AMF

　　　　　　Petitioner,　　　　　:　　Kent County

　　v.　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　:

STATE OF DELAWARE,　　　　　　　:

　　　　　　　　　　　　　　　　:

　　　　　　Respondent.　　　　　:

## ORDER

On this 2nd day of September, 2016, the Court having considered Thomas W. Webster's Petition for Expungement of Criminal Record and the opposition response filed by the State, the Court denies the petition without prejudice.

Petitioner Thomas W. Webster, IV ("Webster") petitions this Court for an expungement of his criminal record. Webster was arrested by Capitol Police on May 4, 2015 on charges of Assault Second Degree. Webster was found not guilty after a jury trial. Webster has no prior criminal record. Title 11, section 4374 of the Delaware Code provides this Court the discretion to grant a petition for expungement. The statute requires that the petitioner include his criminal history with the petition.[1] The statute also states that "[t]he burden shall be on the petitioner to allege specific facts in support of that petitioner's allegation of manifest injustice, and the burden shall be on the petitioner to prove such manifest injustice by a preponderance of the evidence."[2]

Webster provides no specific facts in support of his allegation of manifest injustice. Webster merely states that "the continued existence and possible

---

[1] 11 *Del. C.* 4374(b).

[2] 11 *Del. C.* 4374(c).

dissemination of information relating to the arrest of Petitioner causes, or may cause, circumstances which constitute a manifest injustice to Petitioner." This statement is statutorily insufficient because section 4374 places the burden of alleging facts specific to manifest injustice on the petitioner. Section 4374 also requires that manifest injustice be proven by a preponderance of the evidence. The Court cannot assume facts for the Petitioner; they must be alleged and proven. Although not required by statute, an affidavit or memorandum of law supporting Webster's petition for expungement would aid in alleging specific facts and supplying proof of manifest injustice.

Case law indicates that the bar for proving manifest injustice is not high. For instance, in *Moss v. State*, the petitioner had been arrested for three counts of First Degree Rape, two counts of Sexual Assault, and one count of Official Misconduct.[3] All charges were nolle prossed with the exception of one count of Sexual Assault, which was dismissed. The State argued that the petitioner was not "innocent" as contemplated by the relevant statute and therefore not entitled to expungement. The State further argued that evidence gathered during the course of the investigation indicated that the petitioner had made certain admissions to the alleged offenses. The petitioner argued that the existence of the arrest record had and would continue to result in investigations which had caused him embarrassment and quite possibly hindered advancement in his job. The court was satisfied that the petitioner had established that he had and would continue to suffer manifest injustice.

---

[3] *Moss v. State*, 1996 WL 110200, at *1 (Del. Super. Feb. 15, 1996).

2

In *Sackett v. State*, the petitioner was charged with seven offenses that included Assault Second Degree, Endangering the Welfare of a Child, Possession of a Weapon During the Commission of a Felony, and Menacing.[4] The petitioner entered a plea of guilty to Assault Second Degree and later petitioned of expungement with respect only to those charges which were nolle prossed. The Court found, and the State conceded, that the petitioner had made a conscious effort to reform herself. The petitioner contended that the reflection in her record of an arrest for Endangering the Welfare of a Minor could jeopardize her future opportunities as a teacher. The court found that the existence and possible dissemination of such information would constitute a manifest injustice to the petitioner.

In opposing Webster's petition, the State relies on *Farr v. State*.[5] In *Farr*, the petitioner, a physician certified in obstetrics and gynecology, was arrested and charged with Third Degree Unlawful Sexual Contact and Third Degree Unlawful Sexual Penetration. There was a fair amount of publicity surrounding the arrest as in the mater before this Court. The petitioner was acquitted after a jury trial, and the subsequent petition for expungement was opposed by the State. The petition was stayed pending the outcome of a related complaint to the Delaware Board of Medical Practice. The Board found the accusations against the petitioner to be credible and revoked the petitioner's license to practice medicine in Delaware. The court engaged in a thorough discussion on the definition of manifest injustice, and found that the

---

[4] *Sackett v. State*, 1998 WL 281057, at *1 (Del. Super. May 7, 1998). *See also Doody v. State*, 1998 WL 733055, at *1 (Del. Super. Sept. 15, 1998).

[5] *Farr v. State*, 1997 WL 524056, at *1 (Del. Super. Apr. 15, 1997).

term "manifest" implied a rather heavy burden. When the stay was lifted and the petition once again pursued, the petitioner made two claims. The petitioner first claimed the record of the arrest could affect how he was treated during such things as a routine traffic stop. The petitioner next claimed that he was deterred from seeking more advantageous employment by virtue of his arrest record and that the record had already cost him one job. The petitioner claimed he informed his employer of the acquittal, but the employer did not believe him because in the employer's opinion, if the petitioner had been acquitted, then the charges would not still be visible.

Regarding the first claim, the court found that police officers do not normally investigate a suspects arrest record during routine traffic stops, and that if the petitioner was arrested for a felony, the expunged record would not be protected from disclosure to law enforcement. Regarding the second claim, the court found that the petitioner failed to provide specifics to support a potential finding of manifest injustice such as: "(1) the identity of the employer; (2) the exact job opportunity of which petitioner complains; and (3) the identity of the individual who made the employer aware of the 'arrest, but acquittal,' since it does not appear that it was Farr who did so."[6] The court also noted that there were newspaper accounts of the petitioner's arrest still in existence, and that the Board of Medical Practice's decision militated against finding that any injustice suffered by the petitioner would be "manifest." The court found that the petitioner had failed to set forth sufficient facts

---

[6] *Id.* at 3.

to demonstrate manifest injustice.

Webster's case is somewhat analogous to the *Farr* case with one notable exception. Both Webster and the petitioner in *Farr* were involved in high profile cases that received public attention, and both were acquitted. However, no complaint against Webster was filed with a professional board in relation to the same charges for which he was acquitted. Webster may have been disciplined by the Dover Police Department for past actions, but this type of discipline is distinguishable from a complaint to a body such as the Delaware Board of Medical Practice. Webster was charged with a crime and found not guilty. If Webster is able to supply specific facts related to how the arrest record would be manifestly unjust, the expungement should be granted under *Moss* and *Sackett*. However, there are arguments in *Farr* such as the continued existence of a public record that would justify a denial of the petition.

The Court will deny the petition without prejudice and allow Webster to submit a petition that alleges facts specific to manifest injustice and proves the injustice by a preponderance of the evidence.

IT IS SO ORDERED.

_____
Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:   Prothonotary
xc:   James E. Liguori, Esquire
       Mark A. Denney, Jr., Esquire
       Danielle J. Brennan, Esquire

5